IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GREGORY LYNN ATTAWAY, §
    Petitioner, §
         § 3:16-CV-1820-N
v. § 3:14-CR-0071-N
         §
UNITED STATES OF AMERICA, §
    Respondent. §

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### I.

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On December 12, 2014, the district court sentenced Petitioner to 87 months in prison. He did not file an appeal.

### II.

On June 28, 2016, Petitioner filed the instant § 2255 petition. Petitioner claims his sentence should be vacated based on the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015), which held that the definition of "violent felony" under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §

Page 1

924(e)(2)(B)(ii), is void for vagueness. Petitioner, however, was not sentenced under the ACCA. Instead, his offense level was increased under § 2K2.1 of the sentencing guidelines because (1) he had prior felony offenses for possession with intent to deliver a controlled substance, and burglary of a habitation, and (2) he was in possession of a stolen handgun. (PSR ¶¶ 21-22.)

Under the Supreme Court's recent decision in *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 892 (2017), Petitioner's increased offense level under the sentencing guidelines does not entitled him to relief because the sentencing guidelines are not subject to a challenge for vagueness. The Court in *Beckles* stated:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause.

*Id.* Petitioner's claims under *Johnson* are therefore without merit, and his petition should be denied.

III.

For the foregoing reasons, the Court recommends that the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 2 day of ____, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).